**FILED**

AUG 26 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | No. **20CR 548** |
|---|---|
| v. | |
| PEDRO SOTO | Violation: Title 18, United States Code, Section 1001(a)(2) |

**JUDGE COLEMAN**

**MAGISTRATE JUDGE COLE**

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

    a. The Chicago Public Schools ("CPS") was an independent school district and unit of local government governed by the Board of Education of the City of Chicago ("CBOE").

    b. In or around April 2016, CPS solicited proposals from companies willing to enter into a contract with CPS to provide custodial services, engineering operations, and other trade services within Chicago public schools (hereinafter referred to as the "custodial services contract"). Owing to the size, duration, and possible extensions of the custodial services contract, the company or companies awarded the custodial services contract were projected to receive total payments exceeding approximately $1 billion under the contract.

    c. An evaluation committee (the "Evaluation Committee"), which included representatives from various departments within CPS, was tasked to review all proposals and to recommend to CBOE which company or companies should win the custodial services contract.

d. Defendant PEDRO SOTO was a CPS employee and a member of the Evaluation Committee.

e. On or about July 8, 2016, Company A submitted a proposal to CPS seeking to be awarded the custodial services contract.

f. Individual A was a registered lobbyist retained by Company A to help it obtain the custodial services contract.

g. Individual B worked with Individual A to help Company A obtain the custodial services contract.

2. Prior to on or about December 17, 2019, the Federal Bureau of Investigation had initiated an investigation of Individual A, Individual B, and SOTO concerning potential violations of federal criminal law.

3. The following matters, among others, were material to the investigation:

i. The scope and nature of Individual B's interactions and contacts with SOTO concerning the custodial services contract, including but not limited to what non-public information SOTO had provided to Individual B concerning deliberations within CPS relating to the award of the custodial services contract and the merits of Company A's and other companies' proposals;

ii. Whether SOTO had provided non-public information to Individual B concerning the award of the custodial services contract;

iii. Why SOTO had provided non-public information to Individual B concerning the award of the custodial services contract; and

    iv. What benefits SOTO solicited, was offered, promised or had received from Individual B during and around the time SOTO was a member of the Evaluation Committee, and the reasons for SOTO's receipt of those benefits from Individual B.

  4. On or about December 17, 2019, at Chicago, in the Northern District of Illinois, Eastern Division,

PEDRO SOTO,

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency within the executive branch of the government of the United States, when he stated the following:

    i. When asked whether he ever had communications with Individual B on the phone about what was going on inside CPS about the custodial services contract, SOTO said, "He would want to get information but I don't think I gave him anything.";

    ii. When asked how Individual B would "dig" for information concerning the custodial services contract, SOTO said he would "just listen" to Individual B, but was never persuaded to do anything;

    iii. When asked whether he had told Individual B what was going on inside CPS with the bidding on the custodial services contract, SOTO said, "I don't think that I have, no. I would—I don't think so."; and

    iv.  When asked whether there was ever a time that SOTO called Individual B and told Individual B that he had information for him, SOTO said he did not think that happened;

In violation of Title 18, United States Code, Section 1001(a)(2).

AMARJEET BHACHU
Digitally signed by AMARJEET BHACHU
Date: 2020.08.24 16:10:16 -05'00'

Signed by Amarjeet S. Bhachu on behalf of the
UNITED STATES ATTORNEY